UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

HUNTER ALEXANDER,                          )
                                           )
               Plaintiff,                  )
                                           )
       v.                                  )        No. 1:26-cv-00531-SEB-TAB
                                           )
JOHN DOE,                                  )
GAS STATIONS,                              )
                                           )
               Defendants.                 )

**Order Screening and Dismissing Complaint, Granting Motion to Proceed *In Forma
Pauperis*, and Warning of Filing Restriction**

Recently, plaintiff Hunter Alexander has flooded this Court with frivolous lawsuits. *See
Alexander v. Does (old electrical in HUMS, septic in dirt, water lines in dirt)*, 1:26-cv-00521-
TWP-MG (S.D. Ind. Mar. 18, 2026); *Alexander v. John Does (Microwave, Stove, Prop[a]ne,
LLC)*, 1:26-cv-523-MPB-MG (S.D. Ind. Mar. 18, 2026); *Alexander v. John Does, I.R.S., U.S.
Postal,* 1:26-cv-00525-JPH-MJD (S.D. Ind. Mar. 18, 2026); *Alexander v. John Does, Trash
Companies, EPA*, 1:26-cv-00526-JRS-KMB (S.D. Ind. Mar. 18, 2026); and *Alexander v. Does,
Car Makers*, 1:26-cv-00528-JMS-KMB (S.D. Ind. Mar. 19, 2026).

In this Order, the Court rules on Mr. Alexander's motions, screens and dismisses his
complaint, and warns Mr. Alexander about frivolous litigation.

**I.      Motion to Proceed *In Forma Pauperis***

The motion to proceed *in forma pauperis*, dkt. [2], is **granted** to the extent that the plaintiff
is **assessed an initial partial filing fee of $18.32**. *See* 28 U.S.C. § 1915(b)(1); *Whitaker v.
Dempsey*, 83 F.4th 1059, 1061 (7th Cir. 2023) (stating that even a prisoner with $2000 in assets

1

might be eligible to proceed *in forma pauperis*). Mr. Alexander shall have **through April 17, 2026**, in which to pay this sum to the clerk of the district court.

He is informed that after the initial partial filing fee is paid, he will be obligated to make monthly payments of 20 percent of the preceding month's income each month that the amount in his account exceeds $10.00, until the full filing fee of $350.00 is paid. 28 U.S.C. § 1915(b)(2). After the initial partial filing fee is received, a collection order will be issued to the plaintiff and his custodian.

## II.    Screening and Dismissal of the Complaint

### A.  Screening Standard

Because Mr. Alexander is proceeding *in forma pauperis*, the Court screens the complaint pursuant to 28 U.S.C. §1915(e). *See Coleman v. Labor & Indus. Review Comm'n*, 860 F.3d 461, 465 (7th Cir. 2017); *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022 (7th Cir. 2013). A court must "dismiss [a] case at any time" if the court determines the action is "frivolous or malicious" or the action "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B); *Luevano*, 722 F.3d at 1022.

### B.  The Complaint

In this complaint, Mr. Alexander states he is suing "(John Does) -Gas Stations" Dkt. 1 at 1.

Mr. Alexander alleges that gas stations sell items using barcodes without visible prices to hide elevated prices from consumers. He alleges that gasoline contains harmful ingredients that are absorbed through skin on contact that negatively impacts organ and brain functions. He alleges that gas stations fail to post warnings about the health harms of gasoline. He alleges that he has personal knowledge of the effect of gas on human health (though he does not say what). He

2

acknowledges that there are some warnings at the pump but not in gas station windows like there are for cigarettes.

Mr. Alexander seeks damages.

**C.  Dismissal of the Complaint**

The complaint must be **dismissed for failure to state a claim and as frivolous**.

A complaint may be dismissed as frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An allegation is factually frivolous when it is "clearly baseless, fanciful, fantastic, delusional, irrational, or wholly incredible." *Felton v. City of Chicago*, 827 F.3d 632, 635 (7th Cir. 2016) (cleaned up). "A claim is *legally* frivolous if it is 'based on an indisputably meritless legal theory.'" *Id.* (quoting *Neitske*, 490 U.S. at 327−28). Here, Mr. Alexander's allegation that gas stations should be liable for not warning about health risks is legally meritless. Gas pumps do have safety warnings related to the type of gasoline being used and fire hazards, and, thus far, the federal government has not compelled gas stations to also warn consumers about health risks, though some localities have chosen to add such labels. *See EPA*, "EPA Finalizes E15 Pump Labeling Requirements/New labels will help consumers find the right fuel for their vehicles," (June 28, 2011), available at https://www.epa.gov/archive/epapages/newsroom_archive/newsreleases/231c39ce21c425378525 78bd005a238b.html (last visited Mar. 23, 2026); *The Colorado Sun*, "Bill requiring climate warning label on gasoline pumps killed by Colorado lawmakers," (April 24, 2025), https://coloradosun.com/2025/04/24/colorado-lawmakers-kill-gasoline-warning/ (noting various groups questioned such a label's effectiveness).

Further, Mr. Alexander does not allege that he was actually harmed by the lack of warning labels. Thus, his complaint also fails to state a claim upon which relief can be granted because he

lacks standing. *Parents Protecting Our Children, UA v. Eau Claire Area School District, Wisconsin*, 95 F.4th 501, 505 (7th Cir. 2024) (to having standing to file a lawsuit, a plaintiff must allege that he "has suffered 'an invasion of a legally protected interest which is …concrete and particularized…and actual or imminent, not conjectural or hypothetical.'" (quoting *Lugan v. Defs. Of Wildlife*, 504 U.S. 555, 560-61 (1992)).

Also, although Mr. Alexander complains that gas stations have prices stored in bar codes, he has not alleged that he overpaid for any particular item, or that he was actually mislead into believing a particular item cost less than it did. Thus, this claim is dismissed for failure to state a claim upon which relief can be granted.

Finally, in naming "gas stations" as a defendant, Mr. Alexander has not named a suable entity. Similar to the standing issue, Mr. Alexander does not allege that he was harmed at a particular gas station. Naming "gas stations" generically provides no information to the Court about who could be liable for potentially harming Mr. Alexander. *See, e.g. Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (noting that "it is pointless to include [an] anonymous defendant [ ] in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff") (internal citations omitted).

For these reasons, the complaint is **dismissed**. In almost all cases where a plaintiff is proceeding pro se, the plaintiff should be provided an opportunity to amend his complaint or show cause why the case should not be dismissed. *See Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend."). Such a step is unnecessary here where there is no chance that Mr. Alexander could file an amended

4

complaint that states a viable claim related to the allegations, such as they are, in his complaint. *See Egwuenu v. Charles Schwab & Co.*, 834 F. App'x 245 (7th Cir. Jan. 21, 2021) (unpublished) (noting dismissal with prejudice, without leave to amend, was justified in case where plaintiff had previously filed frivolous cases about "the same vast, persistent conspiracy."). Accordingly, this case is **dismissed with prejudice as frivolous and for failure to state a claim upon which relief can be granted**. Final judgment consistent with this Order shall now issue.

### III.   Motion for Counsel

Mr. Alexander has filed a motion for assistance recruiting counsel. Dkt. 3. Litigants in federal civil cases do not have a constitutional or statutory right to court-appointed counsel. *Walker v. Price*, 900 F.3d 933, 938 (7th Cir. 2018). Instead, 28 U.S.C. § 1915(e)(1) gives courts the authority to "request" counsel. *Mallard v. United States District Court*, 490 U.S. 296, 300 (1989). As a practical matter, there are not enough lawyers willing and qualified to accept a pro bono assignment in every pro se case. *See Watts v. Kidman*, 42 F.4th 755, 764 (7th Cir. 2022) (explaining that courts must be careful stewards of the limited resource of volunteer lawyers).

Courts may consider the merits of a plaintiff's claim when deciding whether to recruit counsel. *Id.* at 766. Here, it would not be in the interest of justice to recruit counsel for a wholly meritless case. Thus, the motion to appoint recruited counsel, dkt. [3], is **denied**.

### IV.   Warning Regarding Strikes and Frivolous Lawsuits

Because this case is being dismissed for failure to state a claim, Mr. Alexander is warned that it may constitute a "strike" under 28 U.S.C. § 1915(g), which limits a prisoner's ability to proceed *in forma pauperis* after having three cases or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See Hill v. Madison Cty., Ill.*, 983 F.3d 904, 906 (7th Cir. 2020) ("It makes good sense for a judge who believes a dismissal to come

within the scope of § 1915(g) to include notice to that effect," even though later courts must make the conclusive determination of whether each prior dismissal meets the statutory definition). A plaintiff who has struck out cannot proceed *in forma pauperis* unless he alleges that he is "in imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

Additionally, the Court has a duty to deter frivolous filings. "Every paper filed . . . no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice." *Montgomery v. Davis*, 362 F.3d 956, 957 (7th Cir. 2004) (quoting *In re McDonald*, 489 U.S. 180, 184 (1989)). Frivolous filing behavior cannot be tolerated, and "the judicial authority to curb it is ample." *Support Sys. Int'l v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995) (collecting cases).

As the Court noted at the beginning, Mr. Alexander has flooded this Court with frivolous lawsuits. The Court **warns** Mr. Alexander that this pattern of litigation must stop, or he risks filing restrictions. If Mr. Alexander continues to file frivolous pleadings, the Court will restrict him from filing new actions or motions in this Court and may elect to assess fines against him.

### V.    Conclusion

Mr. Alexander's motion to proceed *in forma pauperis*, dkt. [2], is **granted**. He has **through April 17, 2026**, to pay the Court **$18.32**. Once he does, the Court will issue a collection order to collect the rest of the filing fee.[1] Mr. Alexander's motion to appoint counsel, dkt. [3], is **denied**.

This case is **dismissed with prejudice as frivolous and for failure to state a claim upon which relief can be granted**. Final judgment consistent with this Order shall now issue.

---

[1] Despite the Court's dismissal of this action, Mr. Alexander is still required to pay the $350.00 filing fee, as it is the filing of the case that triggers the obligation to pay the filing fee.

Mr. Alexander is warned that the dismissal of this action may constitute a strike under 28 U.S.C. 1915(g). He is further warned that if he persists in filing frivolous lawsuits in this Court, the Court may sanction him by restricting him from filing new actions or motions in this Court or imposing monetary sanctions.

**SO ORDERED.**

Date:    3/25/2026

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

HUNTER ALEXANDER
201044
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064

Financial Deputy Clerk

Electronic notice to IDOC